1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  SELESTINA ENELIKO, et al.,

11                         Plaintiffs,

12              v.

13  SUSAN DREYFUS,

14                         Defendant.

CASE NO. C11-0312JLR

ORDER VACATING PREVIOUS
ORDER AND GRANTING
TEMPORARY RESTRAINING
ORDER

15        This matter is before the court on Plaintiffs Selestina Eneliko; A.S., a minor, by

16  and through her next friend Selestina Eneliko; Lul Ige; F.A.M., a minor, by and through

17  his next friend Lul Ige; F.I.M., a minor, by and through his next friend Lul Ige; Christine

18  Carter; T.S., a minor, by and through his next friend Christine Carter; and Parents

19  Organizing for Welfare and Economic Rights ("POWER")'s motion for temporary

20  restraining order (Dkt. # 2).

21        On February 22, 2011, Plaintiffs filed a complaint for declaratory and injunctive

22  relief against Defendant Susan Dreyfus, in her official capacity as Secretary of the

ORDER- 1

1   Washington State Department of Social and Health Services ("DSHS").  (Compl. (Dkt. #

2   1).)  The complaint alleges that thousands of Washington families will lose benefits under

3   the Temporary Assistance for Needy Families ("TANF") and State Family Assistance

4   ("SFA") programs as the result of a state rule change that will go into effect on March 1,

5   2011.  The complaint further alleges that under the rule change the Secretary of DSHS

6   intends to deem the federal Supplemental Security Income ("SSI") that some low income

7   disabled children receive under Title XVI of the Social Security Act, 42 U.S.C. § 1381a,

8   available to non-disabled household members for purposes of deciding the family's

9   eligibility under the TANF and SFA programs.  Plaintiffs assert that such a calculation

10  would be in violation of various federal laws including the Supremacy Clause of the

11  United States Constitution (Compl. at ¶¶ 66-73), the Due Process Clause of the

12  Fourteenth Amendment (*id.,* ¶¶ 74-79), the Social Security Act, 42 U.S.C. § 1383(a) (*id.,*

13  ¶¶ 80-87), the American with Disabilities Act (*id.,* ¶¶ 88-92), and Section 504 of the

14  Rehabilitation Act of 1973 (*id.,* ¶¶ 93-98).

15      On the same day, Plaintiffs also filed a motion for temporary restraining order and

16  preliminary injunction.   First, Plaintiffs seek to enjoin the Secretary of DSHS from

17  terminating or reducing their TANF/SFA benefits based on DSHS's rule change deeming

18  SSI income available to a household or assistance unit receiving either TANF or SFA

19  relief.  (Mot. (Dkt. # 2) at 3.)  Second, Plaintiffs seek to enjoin Defendant from

20  terminating or reducing their benefits until such time as Defendant provides them with

21  adequate notice in accordance with the due process requirements of the Fourteenth

22  Amendment of the United States Constitution.  Finally, Plaintiffs seek to enjoin the

ORDER- 2

1   Secretary of DSHS from enforcing the rule change because they allege it discriminates

2   against children with disabilities by treating their income differently from the income of

3   children without disabilities.

4          On February 22, 2011, the court initially denied Plaintiffs' motion for a temporary

5   restraining order on two grounds:  (1) that there was sufficient time for the motion to be

6   heard prior to March 1, 2011 as a motion for preliminary injunction, rather than as a

7   motion for temporary restraining order without notice, and (2) because Plaintiffs had

8   failed to file the necessary certification required by Federal Rule of Civil Procedure

9   65(b)(1)(B) concerning counsel's efforts to give notice to the Secretary of DSHS or why

10  such notice should not be required.  (Order Denying Temporary Restraining Order (Dkt.

11  # 9).)  On February 23, Defendant requested that the court reinstate the original noting

12  date for the motion for preliminary injunction of March 18, 2011, and also reinstate

13  Plaintiff's motion for temporary restraining order to be heard on February 28, 2011.

14  (DSHS Mot. (Dkt. # 12).)  The court granted Defendant's motion.  Accordingly, the

15  court's prior order (Dkt. # 9) denying Plaintiffs' motion for temporary restraining order is

16  hereby VACATED, and the court hears Plaintiff's motion today as one for a temporary

17  restraining order.

18         The court heard the oral argument of counsel on February 28, 2011, and has also

19  considered all pleadings on file, including:

20         1)  Plaintiffs' motion for temporary restraining order (Dkt. # 2), the declaration of

21  Selestina Eneliko (Dkt. # 3), the declaration of Lul Ige (Dkt. # 4), the declaration of

22  Christine Carter (Dkt. # 5), the declaration of Monica Peabody (Dkt. # 5), and the

ORDER- 3

1   declaration of Scott Crain (Dkt. # 7), along with all exhibits or attachments to the

2   declarations;

3        2)  Defendant's response to Plaintiffs' motion for temporary restraining order

4   (Dkt. # 14), and the declaration of Carla Reyes (Dkt. # 15), along with all exhibits or

5   attachments to the declaration, and

6        3)  Plaintiffs' reply memorandum (Dkt. # 18).

7        The court is authorized to issue this temporary restraining order by Rule 65(b).

8   Fed. R. Civ. P. 65(b).  The standard is identical to that for a preliminary injunction.

9   *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 2d 1320, 1323

10  (N.D. Cal. 1995).  The court must consider (1) whether plaintiffs are likely to succeed on

11  the merits; (2) whether they are likely to suffer irreparable harm in the absence of the

12  preliminary relief; (3) if the balance of hardships tips in their favor, and (4) whether the

13  injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7,

14  129 S. Ct. 365, 374 (2008).

15       The Ninth Circuit held that its "serious questions" approach is consistent with

16  *Winter*, and this court may still apply that test.  *Alliance for Wild Rockies v. Cottrell,* No.

17  09-35756, __ F.3d ___, 2011 WL 208360 at *7 (9th Cir. 2011) ("[T]he 'serious

18  questions' version of the sliding scale test remains viable after the Supreme Court's

19  decision in *Winter*.").  However, even under the Ninth Circuit's "serious questions" test,

20  a showing of irreparable harm is necessary.  *Winter*, 555 U.S. 7, 129 S. Ct. at 375

21  ("[P]laintiffs seeking preliminary injunction [must] demonstrate that irreparable injury is

22  *likely* in the absence of an injunction.") (italics in original).  Thus, the Ninth Circuit has

ORDER- 4

1   held that a district court may grant injunctive relief if there are serious questions going to

2   the merits of the case and a balance of hardships that tips sharply towards the plaintiff,

3   "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that

4   the injunction is in the public interest." *Alliance for Wild Rockies,* 2011 WL 208360 at

5   *7.

6        Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs have

7   demonstrated the following:

8        1) The court finds that Plaintiffs served Defendant with their motion for temporary

9   restraining order and preliminary injunction on February 23, 2011, and have provided

10   adequate notice to the Secretary of DSHS with regard to this motion.  (*See* Aff. Serv.

11   (Dkt. ## 16 & 17).)

12        2)  Plaintiffs have established serious questions going to the merits of their claim

13   that Defendant's Emergency Rules filed at Wash. St. Reg. 11-04-062 and other rules used

14   to allocate the income of a family or assistance unit that receives TANF or SFA are in

15   direct conflict with or obstruct the purposes of federal law, in violation of the Supremacy

16   Clause, specifically provisions of the Social Security Act at 42 U.S.C. § 1383(a) that

17   define the duty of a representative payee to spend an SSI recipient's cash assistance only

18   for the benefit of the recipient and in the recipient's best interests.

19        3)  Plaintiffs have also established serious questions going to the merits of their

20   claim that the DSHS notices terminating or reducing Plaintiffs' TANF or SFA benefits

21   effective March 1, 2011 violate the due process requirements of the Fourteenth

22   Amendment to the United States Constitution because they failed to adequately advise

ORDER- 5

1   Plaintiffs of the rules and regulations on which DSHS based its decision.  The court

2   recognizes that Defendant can cure this issue, but the temporary restraining order will

3   apply until the deficiencies of Defendants' notice are cured, or the temporary restraining

4   order is otherwise lifted.

5        4)  The court finds that Plaintiffs or persons represented by Plaintiff POWER will

6   suffer irreparable harm due to the termination of the TANF or SFA benefits on March 1,

7   2011.  The court finds that Plaintiffs will be unable to provide appropriate care medical

8   care for their minor children with disabilities, and these children, also plaintiffs to this

9   action, will suffer significant, even life-threatening, adverse health impacts, including

10  hospitalization.  The court finds that irreparable harm will be suffered by those requiring

11  society's help the most, namely low-income disabled children, and their families.

12       5)  The court finds that the balance of harms tips sharply in favor of granting the

13  temporary restraining order.  When faced with a conflict between the financial and

14  budgetary concerns of DSHS and the preventable human suffering of Plaintiffs and

15  persons represented by Plaintiff POWER, the balance of hardships tips in the favor of

16  preventing human suffering.  Lesser harm will be suffered by DSHS through the issuance

17  of a temporary restraining order and preservation of the status quo.  The balance of harm

18  tips sharply in favor of entering the injunction because the harm suffered by Plaintiffs or

19  persons represented by Plaintiff POWER greatly outweighs any monetary loss to DSHS.

20       6)  Enjoining the termination of TANF and SFA for Plaintiffs is in the public

21  interest because the public has an overriding interest in its state government's compliance

22  with federal law, including the Supremacy Clause, the Fourteenth Amendment, and the

Social Security Act.  It is also in the public interest to ensure that Plaintiffs are not illegally denied access to benefits that they need to maintain the health and welfare of their families and the disabled children in their care while this matter is litigated.

7)  Plaintiffs and those individuals represented by Plaintiff POWER are indigent and are asserting serious Constitutional claims.  District courts have discretion to determine the amount of security required.  *Barahona-Gomez v. Reno,* 167 F.3d 1228, 1237 (9th Cir. 1999).  The Court finds, given the circumstances and the undisputed indigency of Plaintiffs, that no bond is required pursuant to Federal Rule of Civil Procedure 65(c).

Accordingly, the court hereby GRANTS Plaintiffs' motion for a temporary restraining order (Dkt. # 2).  The court ORDERS that Defendant shall not give any effect to the Emergency Rules at Wash. St. Reg. 11-04-062.  The court further ORDERS Defendant not to terminate or reduce TANF or SFA benefits on February 28, 2011 or thereafter for any person affected by the Emergency Rules at Wash. St. Reg. 11-04-062 or to deny any person applying for TANF or SFA benefits because they are determined under the Emergency Rules not to eligible.

This temporary restraining order shall be binding as provided in Federal Rule of Civil Procedure 65(d) and shall remain in effect until Plaintiffs' motion for preliminary injunction can be heard and decided or until further notice from the court.[1]  A hearing on

---

[1] Pursuant to Federal Rule of Civil Procedure 65(b)(2), the court finds good cause for extending this temporary restraining order beyond the fourteen day limit ordinarily imposed by Rule 65(b)(2), for the following reasons:  First, Plaintiffs' motion for temporary restraining order

ORDER- 7

1    Plaintiffs' motion for preliminary injunction is set Monday, March 21, 2011, at 1:30 p.m.

2       Dated this 28th day of February, 2011.

3

4                                                    _____

                                                  JAMES L. ROBART

5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  was heard on notice to Defendant, and therefore Defendant was provided an opportunity to submit briefing, a declaration, and to participate in oral argument.  Second, Plaintiffs' motion for

21  preliminary injunction is presently noted for March 18, 2011, and oral argument will be heard on March 21, 2011.  Because the court intends to rule shortly thereafter on Plaintiffs' motion for

22  preliminary injunction, the court finds good cause for a short extension beyond the typical fourteen day time period.